*429 OPINION.
Maeqttette :
The petitioner’s position with respect to this proceeding is difficult to determine. In his petition he states that in 1923 he purchased a one-half interest in certain real estate; that he sold a portion of said real estate in the same year; that the transaction was not a completed one from which income could be realized, and that his profit, if any, is in the portion of the real estate which is still unsold. In his brief the petitioner takes the position that the sale to Josephs having been heretofore determined as an installment sale and the profit for 1923 computed on that basis, it should be considered as an installment sale for subsequent years, but he still contends that the remainder of his profit, if any, is in the 35 feet of said real estate that he and Hawley still own.
It appears that the petitioner and the respondent are in accord that the sale to Josephs was an installment sale and that the profit therefrom in 1923 has been computed on that basis, and we see no reason for disturbing that determination. However, the petitioner’s position ihat the remaining profit, if any, from the sale to Josephs is tied up in the 35 feet of the real estate in question that he and Hawley still own, is untenable. The sale to the city of Charlotte and the sale to Josephs were separate transactions which gave rise to profit or loss, and they are in no way related to any transaction that may hereafter be had with reference to the 35 feet retained by the petitioner and Hawley. J. S. Cullinan, 5 B. T. A. 996; H. F. Bovard *430 et al., Receivers, 15 B. T. A. 546. The facts here are that the petitioner and Hawley in 1923 sold for $59,250, 60 feet of land that cost them $39,000. The purchaser paid them $4,250 in cash, assumed a mortgage in the amount of $16,187.50, gave them notes of third parties of the face value of $25,000, and his personal note for the balance. Subsequently the petitioner and Hawley turned in said notes to the Charlotte Realty Co., from which they had purchased the property, and the Charlotte Realty Co. released its mortgage, or mortgages, on the 35 feet of property to which the petitioner and Hawley still held title. The record does not show when these notes were turned over to the Charlotte Realty Co. The respondent has determined that the deferred part of the purchase price was realized by the petitioner and Hawley in 1925, and there is no evidence in the record to negative that determination. The record is indefinite and unsatisfactory, but as it stands we can only affirm the respondent.

Judgment will be entered for the respondent.